FALK v. UNITED STATES.

AMERICAN CIGAR COMPANY v. UNITED STATES.

(Circuit Court, S. D. New York. December 22, 1904.)

Nos. 3,577, 3,606.

1. CUSTOMS DUTIES—GOODS IN WAREHOUSE—WITHDRAWAL.

The provisos in Tariff Act July 24, 1897, c. 11, § 33, 30 Stat. 213 [U. S. Comp. St. 1901, p. 1701], and Tariff Act Oct. 1, 1890, c. 1244, § 50, 26 Stat. 624, relating to withdrawal of merchandise from bonded warehouse, are not repugnant, because neither section is general in its application, but is restricted to merchandise previously imported for which no entry has been made.

2. SAME.

Section 2983, Rev. St. [U. S. Comp. St. 1901, p. 1958], forbidding allowance for injury, loss, etc., sustained by merchandise in warehouse, was not repealed by Customs Administrative Act June 10, 1890, c. 407, § 20, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1950] as amended by Act Dec. 15, 1902, c. 1, 32 Stat. 753 [U. S. Comp. St. Supp. 1905, p. 419], providing that merchandise withdrawn from warehouse shall be subjected to the duties applicable at the time of withdrawal.

3. SAME.

Section 20, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1950], as amended by Act Dec. 15, 1902, c. 1, 32 Stat. 753 [U. S. Comp. St. Supp. 1905 ,p. 419], authorizing the withdrawal of merchandise from warehouse upon payment of the duties to which it is subject at the time of such withdrawal, refers exclusively to rate of duty rather than weight of the merchandise.

4. SAME—INJURY IN WAREHOUSE—LOSS OF WEIGHT.

Under section 2983, Rev. St. [U. S. Comp. St. 1901, p. 1958], forbidding abatement of duties for injury, loss, etc., sustained by merchandise in bonded warehouse, merchandise dutiable by weight should be assessed with duty without allowance for weight lost while in warehouse.

On Application for Review of Decisions of the Board of United States General Appraisers.

The decisions in question affirmed the assessment of duty by the collector of customs at the port of New York on importations by G. Falk & Bro. and American Cigar Company. Note G. A. 5,695, T. D. 25,353. The following provisions of law are involved in the cases:

That on and after the day when this act shall go into effect all goods, wares, and merchandise previously imported, for which no entry has been made, and all goods, wares, and merchandise previously entered without payment of duty and under bond for warehousing, transportation, or any other purpose, for which no permit of delivery to the importer or his agent has been issued, shall be subjected to the duties imposed by this act and to no other duty, upon the entry or the withdrawal thereof: Provided, that when duties are based upon the weight of merchandise deposited in any public or private bonded warehouse, said duties shall be levied and collected upon the weight of such merchandise

at the time of its entry. Tariff Act July 27, 1897, c 11, § 33, 30 Stat. 213 [U. S. Comp. St. 1901, p. 1701].

That any merchandise deposited in any public or private bonded warehouse may be withdrawn for consumption within three years from the date of original importation, on payment of the duties and charges to which it may be subject by law at the time of such withdrawal; Provided, that the same rate of duty shall be collected thereon as may be imposed by law upon like articles of merchandise imported at the time of withdrawal.—Extract from Act Dec. 15, 1902, c. 1, 32 Stat. 753 [U. S. Comp. St. Supp. 1905, p. 419], amending section 20, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1950].

That on and after the day when this act shall go into effect all goods, wares, and merchandise previously imported, for which no entry has been made, and all goods, wares and merchandise previously entered without payment of duty, and under bond for warehousing, transportation, or any other purpose, for which no permit of delivery to the importer or his agent has been issued, shall be subjected to no other duty upon the entry or withdrawal thereof than if the same were imported respectively after that day; * * * Provided, further, that when duties are based upon the weight of merchandise deposited in any public or private bonded warehouse said duties shall be levied and collected upon the weight of such merchandise at the time of its withdrawal. Extract from Tariff Act Oct. 1, 1890, c. 1244, § 50, 26 Stat. 624.

Hatch Keener & Clute (J. Stuart Tompkins, of counsel), for the importers.

Henry A. Wise, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in question consists of certain tobacco entered in bonded warehouse and subsequently withdrawn. At the time of withdrawal the importer claimed that such tobacco had lost in weight and that duties should be assessed thereon according to the weight at the time of withdrawal, the collector having liquidated the duties upon the entered weight of such merchandise. The position taken by the Board of General Appraisers, namely, that section 33 of the act of 1897 is repugnant to section 50 of the act of 1890, is untenable, because neither of said sections is general in its application, but is restricted to merchandise previously imported for which no entry has been made. Upon another ground, however, it would seem that the general position taken by the Board ought to be sustained. The importers contend that section 20 of the act of June 10, 1890, as amended by the act of December 15, 1902, authorizes them to withdraw the merchandise from the warehouse upon payment of duties and charges based upon its weight at the time of withdrawal. To reach this conclusion they are obliged to contend that the section just quoted repeals section 2983 of the Revised Statutes [U. S. Comp. St. 1901, p. 1958], which reads:

"In no case shall there be any abatement of the duties or allowance made for any injury, damage, deterioration, loss or leakage sustained by any merchandise while deposited in any public or private bonded warehouse."

That is, they are forced to make that contention if the plain reading of section 2983 covers such a loss of weight as occurred in the case of the merchandise in question. It seems too plain for discussion that the word "loss," coupled as it is in the disjunctive with "leakage," applies precisely to such a case as the one before us. I cannot find any sound reason for believing that the Congress did not have section

2983 in mind when it enacted said section 20, as amended. It is obvious that section 20, especially as amended, refers exclusively to rate rather than weight. For these reasons the decision of the Board of Appraisers ought to be sustained.

Decision affirmed.